IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEVON SCHULTZ,

Plaintiff,

v.

LINCOLN CNTY. SHERIFF'S DEP'T,

Defendant.

OPINION and ORDER

26-cv-768-jdp

Plaintiff Devon Schultz, proceeding without counsel, brings this action under 42 U.S.C. § 1983. Schulz, a pretrial detainee at Lincoln County Jail, alleges that he had to use a sink and toilet to climb down from his top bunk, which caused him to fall and injure himself, and that jail staff denied him medical treatment for his injuries.

Schultz is proceeding without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Schultz's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Schultz to amend the complaint to fix this problem.

## ALLEGATIONS OF FACT

On June 12, 2026, a Friday, Schultz lowered himself from his top bunk using the sink and toilet because his bunk does not have a ladder. Schultz's sink was wet, which caused him

to slip and fall. Schultz hit his knee and leg hard, which caused bruising and "serious pain." Dkt. 1 at 3.

Officer Williams entered Schultz's cell after he fell to examine his injury. Schultz told Williams that he was in "a lot of pain." *Id.* A short while later, Officers Taylor and Tanner brought Schultz an alcohol pad and an adhesive bandage. Schultz asked for additional medical treatment, and he was told to fill out a medical slip.

That weekend, Schultz asked "jail staff" to take him to the hospital for an MRI because he believed that he had torn ligaments in his leg. *Id.* Staff responded that there was "nothing they [could] do" and that Schultz would have to wait until Monday to see the nurse. *Id.* at 3–4.

The nurse saw Schultz on Tuesday and gave him Tylenol and an ice pack. About a week after his fall, Schultz was still in pain, and he continued to be assigned to a top bunk.

## ANALYSIS

I take Schultz to bring Fourteenth Amendment claims based on exposure to the risk of falling from the top bunk and the denial of medical care. Schultz seeks damages and injunctive relief.

### A. General pleading problems

Schultz names the Lincoln County Sheriff's Office as the sole defendant. Dkt. 1 at 1. I will not allow Schultz to proceed against the Sheriff's Department because it "is not a legal entity separable from the county government which it serves." *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

As explained further below, the proper defendants in a civil rights action are normally the individual state officials who violated the plaintiff's federal rights. *See Brown v. City of*

*Chicago*, No. 21-1433, 2021 WL 6102980, at *3 (7th Cir. Dec. 22, 2021) ("[U]nder § 1983 Brown must name the individuals personally involved in the alleged constitutional violations . . . ."). So, to proceed under § 1983, Schultz would at least have to name the individual state officials who violated his federal rights as defendants in the amended complaint's caption. *See id.*; *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

A municipal entity, like Lincoln County, can also be sued under § 1983. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)). A *Monell* claim is effectively one against the municipality itself, but it would have to be based on an official municipal policy, a practice so widespread that it has the effect of official policy, or an allegation that a municipal employee with final policymaking authority inflicted the deprivation of federal rights. *See Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). So to proceed against Lincoln County, Schultz would at least have to: (1) name the county as a defendant in the amended complaint's caption; and (2) allege the existence of a municipal policy or custom that caused a deprivation of his Fourteenth Amendment rights. *See id.*; *Myles*, 416 F.3d at 551.

**B. Specific pleading problems**

The Fourteenth Amendment claim is governed by an objective standard. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022). To state a claim, Schultz must plausibly allege that: (1) defendants made an intentional decision with respect to his conditions of confinement; and (2) defendants' actions were objectively unreasonable. *See Pittman v. Madison Cnty., Ill.*, 108 F.4th 561, 564 (7th Cir. 2024). I will assume for screening purposes that the first element is satisfied. My analysis focuses on the second element, objective reasonableness.

**1. Exposure to risk of falling**

I take Schultz to contend that he was exposed to an objectively unreasonable risk of falling from his top bunk. Schultz suggests that he had to step down from his top bunk using the sink and toilet because his bunk does not have a ladder, which subjected him to an elevated risk of falling. But the "absence of ladders is a common feature of prison bunk beds." *See Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013). That absence itself does not make top bunk assignments objectively unreasonable. Prisoners may be able to, for instance, "get up and down from the top bunk without difficulty by stepping on the lower-bunk frame." *See Blue v. Baenen*, 681 F. App'x 524, 525 (7th Cir. 2017). Or, depending on the height of the top bunk, a prisoner may simply be able to scoot to the edge of the bed and hop down from the top bunk. Even if Schultz had to use the sink and toilet to get down from the top bunk, he hasn't explained why this condition is objectively unreasonable, apart from the allegation that the sink was wet. But I cannot infer from the sparse allegations that stepping onto a wet sink was usually necessary to get down from the top bunk. I will not allow Schultz to proceed on a Fourteenth Amendment claim based on his alleged exposure to a risk of falling.

**2. Denial of medical care**

I take Schultz to allege that Officers Williams, Taylor, and Tanner denied him medical care after his fall. To start, I will not allow Schultz to proceed against these individuals because Schultz did not name them as defendants in the complaint's caption.

More substantively, Schultz's allegations show that the officers did not deny him medical care. Williams apparently summoned Taylor and Tanner, who provided medical treatment by giving Schutlz an alcohol pad and adhesive bandage. When Schultz asked for additional medical treatment, the officers told him to fill out a medical slip. The nurse wasn't

available on the weekend, but Schultz hasn't described any emergent condition or symptoms that warranted prompter treatment. I will not allow Schultz to proceed on a medical care claim against Williams, Taylor, or Tanner.

Schultz also alleges that he asked "jail staff" to take him to the hospital over the weekend because he believed that he had torn ligaments in his leg. To start, I will not allow Schultz to proceed against these staff members because he does not identify them or name them as defendants in the complaint's caption. More substantively, Schultz hasn't described any symptoms that would lead a reasonable jail staff member to determine that he had torn ligaments in his leg. Schultz's sparse allegations don't suggest that any jail staff member denied him necessary emergency treatment. Or put differently, without an indication that emergency treatment was warranted, it was reasonable for staff to tell Schultz that he had to wait until Monday to see the nurse.

Schultz didn't see the nurse until Tuesday, but he hasn't alleged who was responsible for this delay. In any case, without more obvious signs that Schultz required prompter treatment, a one-day delay would not be objectively unreasonable. I will not allow Schultz to proceed on a medical care claim against the jail staff.

Schultz also alleges that the nurse who saw him on Tuesday provided him with Tylenol and an ice pack. Schultz suggests that this treatment was inadequate because he continues to suffer pain. Again, I will not allow Schultz to proceed against the nurse because he did not identify this individual or name him or her as a defendant in the complaint's caption. More substantively, the nurse did not deny Schultz medical care; the nurse gave him a pain reliever and an ice pack. Schultz suggests that this treatment was inadequate, but he hasn't described

any symptoms that would warrant additional treatment. I will not allow Schultz to proceed on a medical care claim against the nurse.

## CONCLUSION

I will allow Schultz to file an amended complaint that fixes the above pleading problems. The amended complaint must be filed on the court's prisoner complaint form, which the court will send him with this order. If he needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Schultz must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Schultz must take care to allege what each defendant did, or failed to do, to violate his federal rights.
- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Schultz believes supports a claim, he should identify each defendant who took that action.
- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.
- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Devon Schultz's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until October 30, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff is to be sent a copy of the court's prisoner complaint form.

Entered September 30, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge